107 Cal.Rptr.2d 719 (2001)
89 Cal.App.4th 778
Francisco COLMENARES, Plaintiff and Appellant,
v.
BRAEMAR COUNTRY CLUB, INC., Defendant and Respondent.
No. B142962.
Court of Appeal, Second District, Division One.
May 31, 2001.
Review Granted August 22, 2001.
*720 Law Offices of Joseph M. Lovretovich, Joseph M. Lovretovich and Christopher W. Olmsted, Woodland Hills, for Plaintiff and Appellant.
Littler Mendelson, Jody A. Landry and Kristin M. Stockholm, San Diego, for Defendant and Respondent.
MARIAM A. VOGEL, J.
Francisco Colmenares worked for Braemar Country Club, Inc., for 25 years, from 1972 to 1997. In 1981, Colmenares injured his back, after which he was (in conformance with his doctor's orders) given only "light duty" jobs. In 1982, Colmenares was promoted from general laborer to foreman of a golf course maintenance crew. In 1995, Colmenares began reporting *721 to a new supervisor, Gary Priday. In October 1995, Priday "wrote up" Colmenares for poor performance. Over the next two years, Colmenares complained to Braemar's general manager and to someone in Braemar's human resources department about Priday's "lack of communication," but Colmenares never suggested to management that Priday's failure to communicate was related to Colmenares's work restrictions. In July 1997, Priday assigned Colmenares to a three-month construction project that required heavy manual labor. At the end of the three-month period, Colmenares was fired for "poor performance."
After exhausting his administrative remedies, Colmenares sued Braemar for age discrimination, disability discrimination, breach of an implied contract, breach of an implied covenant, and intentional infliction of emotional distress. Braemar answered and conducted discovery, then moved for summary judgment. Over Colmenares's opposition, the motion was granted. Colmenares appeals from the judgment insofar as it disposed of his disability discrimination claim, contending the trial court applied the wrong standard when it determined that Colmenares does not suffer from a protected physical disability. For the reasons explained below, we affirm.

DISCUSSION

A.
To establish a prima facie case of disability discrimination, Colmenares must show that he has a disability as defined by the California Fair Employment and Housing Act (FEHA, Gov.Code, § 12900 et seq.) as it existed in 1997 (the time his employment was terminated).[1] In 1997 (and at the time Braemar's summary judgment motion was heard by the trial court), FEHA defined "[p]hysical disability" to include "any physiological ... condition ... that ... both ... [a]ffects one or more of the following body systems: ... musculoskeletal [and] [l]imits an individual's ability to participate in major life activities." (Former § 12926, subd. (k)(1), Stats.1992, ch. 913, § 21.3.) "Major life activities" include performing manual tasks and working. (Cal.Code Regs., tit. 2, § 7293.6, subd. (e)(1)(A)(2)(a).) According to our Supreme Court, the definition of "disability" found in former section 12926, subdivision (k), was in harmony with the longstanding interpretation of "handicap" as that word was used in the California Code of Regulationsand "[e]ach require[d] an actual or perceived physiological disorder, disease, condition, cosmetic disfigurement or anatomical loss affecting one or more of the body's major systems and substantially limiting one or more major life activities." (Cassista v. Community Foods, Inc. (1993) 5 Cal.4th 1050, 1060, 22 Cal.Rptr.2d 287, 856 P.2d 1143, italics added; see also Muller v. Automobile Club of So. California (1998) 61 Cal.App.4th 431, 439-446, 71 Cal.Rptr.2d 573; and see Pensinger v. Bowsmith, Inc. (1998) 60 Cal.App.4th 709, 721, 70 Cal.Rptr.2d 531 [FEHA requires a "substantial" limitation "with respect to proving a physical disability"].)
Colmenares concedes that his back problem did not substantially limit his work but contends that amendments to FEHA enacted in 2000which enlarge the class of disabled persons to include defined conditions that cause any limitation that makes a major life activity difficult, not just a "substantial" limitationapply retroactively and, more specifically, to his case. It follows, according to Colmenares, that he is entitled to reversal of the judgment insofar as it disposes of his disability *722 discrimination cause of action. We disagree.

B.
In September 2000, the Legislature added a new section 12926.1 to FEHA (Stats. 2000, ch. 1049, § 6) in which the Legislature found and declared, among other things, that:
"(a) The law of this state in the area of disabilities provides protections independent from those in the federal Americans with Disabilities Act of 1990.... Although the federal act provides a floor of protection, this state's law has always, even prior to passage of the federal act, afforded additional protections.
"(b) The law of this state contains broad definitions of physical disability.... It is the intent of the Legislature that the definition[ ] of physical disability ... be construed so that applicants and employees are protected from discrimination due to an actual or perceived physical ... impairment that is disabling, potentially disabling, or perceived as disabling or potentially disabling.
"(c) ... [T]he Legislature has determined that the definition[ ] of `physical disability' ... under the law of this state require[s] a `limitation' upon a major life activity, but do[es] not require, as does [the ADA], a `substantial limitation.' This distinction is intended to result in broader coverage under the law of this state than under that federal act. Under the law of this state, whether a condition limits a major life activity shall be determined without respect to any mitigating measures, unless the mitigating measure itself limits a major life activity.... Further, under the law of this state, `working' is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments.
"(d) Notwithstanding any interpretation of law in Cassista v. Community Foods[, supra,] 5 Cal.4th 1050, 22 Cal.Rptr.2d 287, 856 P.2d 1143, the Legislature intends (1) for state law to be independent of the [ADA], (2) to require a `limitation' rather than a `substantial limitation' of a major life activity, and (3) by enacting paragraph (4) of subdivision (i) and paragraph (4) of subdivision (k) of Section 12926, to provide protection when an individual is erroneously or mistakenly believed to have any physical ... condition that limits a major life activity.
"(e) The Legislature affirms the importance of the interactive process between the applicant or employee and the employer in determining a reasonable accommodation...." (Emphasis added.)
At the same time the Legislature added section 12926.1, it also amended section 12926, subdivision (k), to provide (as relevant to this case) that "[p]hysical disability" means any physiological condition that both affects the musculoskeletal system and "[l]imits a major life activity. For purposes of this section: [¶] (i) `Limits' shall be determined without regard to mitigating measures .... [¶] (ii) A physiological ... condition ... limits a major life activity if it makes the achievement of the major life activity difficult. [¶] (iii) `Major life activities' shall be broadly construed and includes physical, mental, and social activities and working ...." (§ 12926, subd. (k); italics added.)

C.
There are several reasons to construe section 12926.1 as prospective only, and not retroactive.
First, the language of section 12926.1 shows the Legislature's intent to act prospectivelythe statute tells us not *723 what the law already says but that, in a time yet to come, the statute is intended to result in broader coverage, that state law is to be interpreted to require only a limitation that makes a major life activity "difficult," not a "substantial limitation" and that, notwithstanding the Supreme Court's decision in Cassista, the Legislature's present intent is to require a different interpretation in the future. Had the Legislature intended section 12926.1 to apply retroactively, there would have been no need to amend section 12926, subdivision (k), to provide that a limitation is covered by FEHA without regard to whether it is "substantial" but simply because it makes "the achievement of [a] major life activity difficult." (§ 12926, subd. (k)(1)(B)(ii).)
Second, the language of section 12926.1 and the amendment to section 12926, subdivision (k), show far more than a mere attempt to clarify the existing definition of "physical disability." These amendments substantially change existing law so that an employer must now make accommodations for not only those employees who met the "substantial limitation" test articulated in Cassista, but also for those with limitations that are not substantial but merely make "the achievement of [a] major life activity difficult." (§§ 12926.1, subd. (d), 12926, subd. (k)(1)(B)(ii).) The true meaning of the statute does not remain the same. (Western Security Bank v. Superior Court (1997) 15 Cal.4th 232, 243, 62 Cal.Rptr.2d 243, 933 P.2d 507; Evangelatos v. Superior Court (1988) 44 Cal.3d 1188, 1208-1209, 246 Cal.Rptr. 629, 753 P.2d 585 [in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature must have intended a retroactive application]; and see Rodriguez v. General Motors Corp. (9th Cir.1994) 27 F.3d 396, 398.) Colmenares has not presented any legislative history materials at all, and there is nothing before us to suggest the Legislature intended to have section 12926.1 apply retroactively.
Third, the notion that it is unfair to change the "rules of the game" in the middle of a contest applies with full force to a measure that substantially modifies a legal doctrine on which many persons may have reasonably relied in conducting their legal affairs before the new enactment. (Evangelatos v. Superior Court, supra, 44 Cal.3d at p. 1194, 246 Cal.Rptr. 629, 753 P.2d 585; Buttram v. Owens-Corning Fiberglas Corp. (1997) 16 Cal.4th 520, 536-537, fn. 6, 66 Cal.Rptr.2d 438, 941 P.2d 71.) There can be no doubt about the major change accomplished by section 12926.1. Until its enactment, both federal law and California law required accommodations by employers for only those employees and applicants whose disabilities substantially limited a major life activity. (42 U.S.C. § 12102; Cassista v. Community Foods, Inc., supra, 5 Cal.4th at p. 1060, 22 Cal. Rptr.2d 287, 856 P.2d 1143.) As this case illustrates (and as Braemar concedes), previously uncovered employees (such as Colmenares) will now be covered. Under these circumstances, we will not assume a legislative intent to change the rules retroactively.
Fourth, the Legislature's "declaration of an existing statute's meaning is neither binding nor conclusive in construing the statute," and the courts have the final word when it comes to the interpretation of a statute. (Western Security Bank v. Superior Court, supra, 15 Cal.4th at p. 244, 62 Cal.Rptr.2d 243, 933 P.2d 507.) As the Supreme Court put it, "there is little logic and some incongruity in the notion that one Legislature may speak authoritatively on the intent of an earlier Legislature's enactment when a gulf of decades separates the two bodies." (Ibid.) While there may not be a "gulf of decades" between the 1992 amendment to section *724 12926, subdivision (k), and the 2000 amendments and additions, there is a gap of eight years between the two legislative interpretations, and a gap of seven years between the Supreme Court's interpretation in Cassista and the Legislature's decision to override Cassista. (Cassista v. Community Foods, Inc., supra, 5 Cal.4th at p. 1060, 22 Cal.Rptr.2d 287, 856 P.2d 1143; Stats.2000, ch. 1049, § 6.)

D.
Colmenares's reliance on Jensen v. Wells Fargo Bank (2000) 85 Cal.App.4th 245, 258, 102 Cal.Rptr.2d 55, is misplaced. In an opinion discussing FEHA's application to posttraumatic stress disorder, the Jensen court said, in passing, that "[a]ssuming [the 2000 amendment to FEHA] represents a legislative attempt to clarify the existing statute, it would apply to cases which predate its passage." (Italics added.) An "assumption" is not authority for anything, and a case is not authority for a proposition it has not considered or decided. (Aguilar v. Avis Rent A Car System, Inc. (1999) 21 Cal.4th 121, 143, 87 Cal. Rptr.2d 132, 980 P.2d 846.)

E.
As noted at the outset, Colmenares does not contend he could prove that his back problem substantially limits a major life activity. For this reason, our conclusion that the 2000 amendments operate prospectively and not retroactively compels affirmance of the summary judgment.

DISPOSITION
The judgment is affirmed. Braemar is entitled to its costs of appeal.
SPENCER, P.J., and ORTEGA, J., concur.
NOTES
[1] Undesignated section references are to the Government Code.